IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION

| | |
|---|---|
| LIBERTY MUTUAL FIRE INSURANCE COMPANY AND EMPLOYERS INSURANCE OF WAUSAU, A MUTUAL COMPANY,<br><br>Plaintiffs,<br><br>v.<br><br>J.T. WALKER INDUSTRIES, INC., f/k/a METAL INDUSTRIES, INC., AND MI WINDOWS & DOORS, INC., f/k/a MI HOME PRODUCTS, INC. and METAL INDUSTRIES INC. OF CALIFORNIA, | Case No.:<br><br>**COMPLAINT**<br>(Non-Jury) |

Plaintiffs, Liberty Mutual Fire Insurance Company ("Liberty Mutual") and Employers Insurance of Wausau, a mutual company ("Wausau"), hereby complain of **Defendants**, J.T. Walker Industries, Inc., formerly known as Metal Industries, Inc. ( collectively "Walker"), and MI Windows and Doors, Inc., formerly known as MI Home Products, Inc. and Metal Industries Inc. of California (collectively, "MI Windows"), by alleging as follows:

### Parties, Jurisdiction and Venue

1.      Liberty Mutual is a corporation organized under the laws of Wisconsin qualified to conduct business in South Carolina that, at all times alleged herein, maintained its principal place of business in Massachusetts.

2.      Wausau is a corporation organized under the laws of Wisconsin qualified to conduct business in South Carolina that, at all times alleged herein, maintained its principal place of business

in Wisconsin.

3. Walker, formerly known as Metal Industries, Inc., is, upon information and belief, a corporation organized under the laws of a state other than South Carolina, but is also authorized to conduct business within South Carolina. Upon further information and belief, Walker is the parent of its wholly owned subsidiary, MI Windows, formerly known as Metal Industries Inc. of California and then MI Home Products, Inc., that is, upon further information and belief, organized under the laws of California, but is also licensed to conduct business in South Carolina.

4. Upon information and belief, this Court has both personal and subject matter jurisdiction over this matter pursuant to 28 U.S.C. § 1332, since the action is between citizens of different states and the amount in controversy exceeds $75,000, exclusive of interest and costs, and seeks a declaratory ruling on the parties' rights and obligations under insurance contracts pursuant to the Federal Declaratory Judgment Act, 28 U.S.C. § 2201, et seq. Liberty Mutual and Wausau further allege that this Court has personal jurisdiction over Walker and MI Windows under South Carolina's long arm statute since Walker and MI Windows have maintained systematic and continuous contact with the state by doing business in South Carolina. Finally, venue is properly placed with the Charleston Division of this Court pursuant to 28 U.S.C. §§ 1391.

### Insurance Policies and Coverage Period

5. This action is premised upon commercial general liability ("CGL") insurance policies issued by Wausau and/or Liberty Mutual to Walker, and to which policies one or more of MI Windows' predecessors were named as an additional insureds, during the majority of the time period from May 1, 1997, through July 1, 2003. Specifically, Wausau and Liberty Mutual issued the following CGL policies to Walker:

I. <u>Wausau:</u>

   a) Policy No. 4828-00-000217, for the period of May 1, 1997, through May 1, 1998;

   b) Policy No. 4829-00-000217, for the period of May 1, 1998, through May 1, 1999; and

   c) Policy No. 4820-00-000217, for the period of July 1, 1999 through July 1, 2000.[1]

II. <u>Libery Mutual:</u>

   a) Policy No. RG2-651-004246-030 for the period of July 1, 2000, through July 1, 2001;

   b) Policy No. RG2-651-004246-031 for the period of July 1, 2001, through July 1, 2002; and

   c) Policy No. RG2-651-004246-032 for the period of July 1, 2002, through July 1, 2003.

6. Walker and/or MI Windows maintained a $500,000.00 reimbursement limit or deductible under each of the above-referenced policies that they must reimburse or pay to Liberty Mutual and/or Wausau on any claim or judgment entered against them if either Liberty Mutual and/or Wausau are obligated to make any indemnification payment on any such claim or judgment under said policies.

7. Upon information and belief, certain CGL policies issued by Zurich North America to Walker and/or MI Windows are also relevant to the dispute between the parties to this lawsuit since the nature of the allegations asserted against Walker and/or MI Windows in the underlying lawsuits, as cited below, have, upon information and belief, triggered Zurich's duty to defend and/or provide insurance coverage to Walker and/or MI Windows under its policies.

---

[1] For the administrative convenience of Liberty Mutual and Wausau, the cited Wausau policy numbers now reflect the following policy numbers, respectively: (i) TZC-651-004246-037;( ii) TZC-651-004246-038; and (iii) TZC -651-004246-039. These additional policy numbers are for administrative purposes only, and do not in any way alter the terms and conditions of the cited policies.

3

## History and Nature of Underlying Lawsuits

8. As stated above, this action is being brought pursuant to the Federal Declaratory Judgment Act, 28 U.S.C. § 2201, and pursuant to South Carolina law, to seek a declaratory ruling on the parties' rights and obligations under the above –referenced policies of insurance in relation to past, pending and anticipated future claims filed against Walker and/or MI Windows under said insurance policies in South Carolina, including but not limited to the following claims:

   a) *Riverwalk at Arrowhead Country Club Property Owners' Association, Inc. v. MI Home Products, et al.*, CA No. 03-CP-26-7169, Horry County, South Carolina, ("Riverwalk);

   b) *Avian Forest Homeowners Association v. MI Windows & Doors, Inc., et al.*, (civil action number unknown), Horry County, South Carolina (" Avian Forest") ; and

   c) *Marais Property Owners' Association v. MI Windows, et al.*, CA No. 05-CP-10-1140, Charleston County, South Carolina ("Marais").

9. In these cases, the respective plaintiff homeowners associations filed lawsuits that alleged, in sum, that certain window and door products manufactured by MI Windows (and/or its predecessors), and installed in the subject multi-family dwellings, were defective thereby permitting water intrusion into said dwellings that caused immediate and continuing property damage to said dwellings as a result of mold contamination. Upon information and belief, Liberty Mutual and Wausau understand that additional claims have been or will be filed against Walker and/or MI Windows by South Carolina residents or entities for property damage to South Carolina properties that are based on the same or substantially similar allegations as those asserted in the above-referenced lawsuits; thus, the declaratory ruling that Liberty Mutual and Wausau seek in this action would also govern the parties' rights and obligations under the above –referenced policies of insurance under South Carolina law with respect to these additional claims arising in South Carolina.

10. Liberty Mutual and/or Wausau have provided a defense, under a reservation of rights,

4

to Walker and/or MI Windows under the following language in the insurance policy or policies implicated by each of the above-referenced lawsuits:

SECTION I – COVERAGES

COVERAGE A. BODILY INUJURY AND PROPERTY DAMAGE LIABILITY

    1.    Insuring Agreement.

        a.    We will pay those sums that the insured becomes legally obligated to pay as damages because of "bodily injury" or "property damage" to which this insurance applies. We will have the right and duty to defend the insured against any "suit" seeking those damages. [] We may, at our discretion, investigate any "occurrence" and settle any claim or "suit" that may result.

12.    The following language in the insurance policy or policies implicated by each lawsuit also obligated Walker and/or MI Windows to perform the following duties in order to maintain the defense and receive any insurance coverage provided by Liberty Mutual and Wausau:

SECTION IV – COMMERCIAL GENERAL LIABILITY CONDITIONS

    2.    Duties In The Event Of Occurrence, Offense, Claims Or Suit

        c.    You and another insured must:

    3.    Cooperate with us in the investigation or settlement of the claim or the defense against the "suit" and

        d.    No insured will, except at that insured's own cost, voluntarily make payment, assume any obligation, or incur any expense, other than for first aid, without our consent.

13.    Finally, the following language in the insurance policy or policies implicated by each lawsuit authorized Liberty Mutual and/or Wausau to share defense costs and liability payments incurred on behalf of Walker and/or MI Windows with any other applicable insurance:

SECTION IV – COMMERCIAL GENERAL LIABILITY CONDITIONS

 4. Other Insurance

If other valid and collectible insurance is available to the insured for a loss we cover under Coverages A or B of this Coverage Part, our obligations are limited as follows:

 a. Primary Insurance

If this insurance is primary, our obligations are not affected unless any of the other insurance is also primary. Then, we will share with all insurance by the method described in c. below

 b. Method of Sharing

If all of the other insurance permits contribution by equal shares, we will follow this method also. Under this approach each insurer contributes equal amounts until it has paid its applicable limits to the total applicable limits of insurance of all insurers.

If any of the other insurance does not permit contributions by equal shares, we will contribute by limits. Under this method, each insurer's share is based on the ratio of its applicable limits of insurance to the total applicable limits of insurance of all insurers.

14. Liberty Mutual and/or Wausau have continuously provided and maintained, subject to the reservation of their rights, said defense of Walker and/or MI Windows in each of the above lawsuits in good faith, and in accordance with the terms and conditions in each implicated policy. In so doing, counsel retained by Liberty Mutual and/or Wausau to defend Walker and/or MI Windows has settled the claims of the plaintiff homeowners associations in the <u>Avian Forest</u> and <u>Marais</u> lawsuits, and is in position to settle the <u>Riverwalk</u> lawsuit as that matter approaches trial.

15. Just prior to the settlement of the <u>Avian Forest</u> lawsuit, Walker and MI Windows attempted to reject the defense provided by Liberty Mutual and/or Wausau based upon its contention that a conflict of interest had arisen as a result of Walker's and/or MI Windows' objection to the settlement of said action within their $500,000 deductible of the implicated insurance policy or

6

policies. Based upon this contention, Walker and/or MI Windows threatened claims against Liberty Mutual and/or Wausau for any expenses or losses they incurred as a result of the settlement of the <u>Avian Forest</u> lawsuit.

16.    Upon further information and belief, Walker and/or MI Windows have asserted the same objection to the potential settlement of the <u>Riverwalk</u> lawsuit as they attempted to do in the <u>Avian Forest</u> lawsuit, thus preventing settlement of said action and thereby increasing defense costs and the risk of a judgment exceeding the amount for which the lawsuit could be settled.

17.    In addition to objecting to Liberty Mutual's and/or Wausau's right to settle the <u>Marais</u> lawsuit as they did, or are doing, in the <u>Avian Forest</u> and <u>Riverwalk</u> lawsuits, Walker and/or MI Windows have also taken the position in the <u>Marias</u> lawsuit that Liberty Mutual and/or Wausau had no right to share defense cost and liability payments in the action with Walker's and/or MI Windows' co-insurer, Zurich, and thus remained responsible for the entire amount of defense costs and liability payments incurred to settle the lawsuit. Alternatively, Walker and/or MI Windows maintain that the payments they made pursuant to their deductible under the Liberty Mutual and/or Wausau insurance policies should be reduced pro-rata based upon the ratio of defense cost and liability payments Liberty Mutual and/or Wausau and Zurich each made to settle the <u>Marais</u> action. Based upon their positions in the <u>Marais</u> lawsuit, Walker and/or MI Windows have demanded reimbursement of $100,040.18 from Liberty Mutual and/or Wausau, and have further demanded that Liberty Mutual and/or Wausau reimburse Zurich in the amount of $290,000.

18.    Liberty Mutual and/or Wausau dispute the positions taken by Walker and/or MI Windows in the <u>Avian Forest</u>, <u>Marais</u> and <u>Riverwalk</u> lawsuits, and contend that they settled, or are allowed to settle, each lawsuit in good faith under the terms and conditions of the applicable policies of insurance. Liberty Mutual and/or Wausau further contend that they do not owe, nor would they

7

owe, either Walker, MI Windows or Zurich any amount in reimbursement as a result of the settlement of any of the referenced lawsuits. Finally, Liberty Mutual and/or Wausau contend that they will be entitled to settle any future claims or actions filed against either Walker and/or MI Windows **in South Carolina**, if the above-reference insurance policies are applicable to such claims or actions, at their discretion and without any obligation to prorate Walker's and/or MI Windows deductible payment and/or reimbursement obligation applicable to each such claim or action and/or limitation of their right to seek sharing of defense costs and/or liability payments from Walker's and/or MI Windows' other insurers as may be allowed by the applicable insurance policies.

### First Cause of Action
(Declaratory Judgment Action)

19.  Liberty Mutual and Wausau incorporate the allegations in Paragraphs 1-18 as if fully re-alleged herein.

20.  Liberty Mutual and Wausau are informed and believe that their disputes with Walker and/or MI Windows, as described herein, regarding the parties' respective rights and obligations under the above-reference insurance policies present an actual, concrete and justifiable controversy between the parties that empowers this Court to decide and determine the issues raised by this action under the Federal Declaratory Judgment Act, and enter a final judgment construing such rights and obligations, in order to clarify the parties' rights and obligations under the subject insurance policies with respect to all past, pending and future claims against Walker and/or MI Windows **in South Carolina**, and thereby avoiding multiplicity of actions and the potential for inconsistent rulings and judgments in said state.

21.  Liberty Mutual and Wausau seek a declaratory ruling from this Court with respect to the following issues:

a) Whether South Carolina substantive law governs the interpretation of the terms and conditions of the subject insurance policies and the parties' disputes there under in relation to claims and/or lawsuits filed in South Carolina;

b) Whether Liberty Mutual and/or Wausau had, or currently have the right to settle any past, pending or future claim or lawsuit filed **in South Carolina** in which it provides a defense to Walker and/or MI Windows within Walker's and/or MI Windows applicable deductible payment or reimbursement obligation under the implicated policy or policies of insurance;

c) Whether Walker's and/or MI Windows' objection to settlement of any past, pending or future claim or lawsuit filed **in South Carolina** within the amount of their applicable deductible payments or reimbursement obligation under the implicated policy or policies of insurance creates a conflict of interest entitling Walker and/or MI Windows to independent counsel;

d) Whether Walker and/or MI Windows had or currently have any right to restrict or otherwise limit Liberty Mutual and Wausau's right to seek sharing of defense costs and liability payments with any other insurer, including but not limited to Zurich, that may be obligated to provide a defense and/or insurance coverage to Walker and MI Windows under another policy of insurance for any past, pending or future claims or lawsuits filed **in South Carolina**;

e) Whether Walker and/or MI Windows are entitled to a pro-rata reduction of their deductible payment or reimbursement obligation under any policy or policies of insurance issued to them by Liberty Mutual and/or Wausau in proportion to payments of defense costs and/or liability payments made by any

other insurer of Walker and/or MI Windows on any past, pending or future claims or lawsuits filed **in South Carolina**; and

f) For a determination of any other rights and obligations of the parties under the applicable policies of insurance as may arise during discovery and litigation in this action.

**WHEREFORE,** Liberty Mutual and Wausau hereby pray that this Court issue an Order declaring that:

1) South Carolina substantive law applies to the interpretation of the insurance policies at issue in this case with respect to all claims and/or lawsuits filed against Walker and/or MI Windows in South Carolina;

2) Under South Carolina law, Liberty Mutual and Wausau have the rights under the insurance policies at issue in this case to:

a) settle any past, present or future claim or lawsuit filed against Walker and/or MI Windows **in South Carolina** that triggers their duty to defend and/or potential insurance coverage at their discretion, and within the deductible payment or reimbursement obligation limits applicable to each policy or policies of insurance irrespective of any objection by Walker and/or MI Windows;

b) share the defense cost and/or liability payments required to settle any past, present and/or future claims or lawsuits against Walker's and/or MI Windows' other insurers **in South Carolina**, if said other insurers' duty to defend and/or provide potential insurance coverage may be triggered by such claims or lawsuits, without restriction or other limitation imposed by Walker and/or MI Windows; and

10

c)  Require Walker and/or MI Windows to pay the full amount of any settlement or judgment entered in any past, current or future claim or lawsuit **in South Carolina** up to the limit of its deductible or reimbursement obligation under any applicable policy or policies of insurance without proration of such payments in proportion to any amounts paid by a co-insurer of Walker and/or MI Windows on such claims or lawsuits.

3)  Awards Liberty Mutual and Wausau the costs it incurs in prosecuting this action; and

4)  Awards Liberty Mutual and Wausau such other and further relief as the Court may deem just and proper.

This the 29th day of May, 2008.

ELMORE & WALL, P.A.

s:/Morgan S. Templeton
Morgan S. Templeton (Fed ID # 7187)
145 King Street, Suite 302
Post Office Box 1200
Charleston, South Carolina 29402
Tel.: (843) 329-9500
Fax: (843) 329-9501

and

J. Mark Langdon(N.C. Bar # 19359)
Pro Hac Vice Application Pending
1001 Wade Avenue, Suite 423
Raleigh, North Carolina 27605
Tel.: (919) 865-9500
Fax: (919) 865-9501
Attorneys for Plaintiffs, Liberty Mutual Fire Insurance Company and Employers Insurance of Wausau, a mutual company