IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION

| | | |
|---|---|---|
| Liberty Mutual Fire Insurance Company and Employers Insurance of Wausau, | ) ) ) ) | Civil Action No. 2:08-2043-MBS |
| Plaintiffs, | ) ) ) | **ORDER AND OPINION** |
| vs. | ) ) ) | |
| J.T. Walker Industries, Inc., f/k/a Metal Industries, Inc.; and MI Windows & Doors, Inc., f/k/a MI Home Products, Inc.; and Metal Industries, Inc. of California, | ) ) ) ) ) ) | |
| Defendants. | ) ) ) | |
| MI Windows & Doors, Inc., | ) ) | |
| Counter-Claimant, | ) ) ) | |
| vs. | ) ) ) | |
| Liberty Mutual Fire Insurance Company and Employers Insurance of Wausau, | ) ) ) ) ) | |
| Counter-Defendants. | ) ) | |

On June 19, 2009, Liberty Mutual Fire Insurance Company and Employers Insurance of Wausau (collectively "Liberty Mutual") filed an amended complaint against J.T. Walker Industries, Inc., and MI Windows & Doors, Inc. (collectively "MI Windows"). Liberty Mutual sought a declaratory judgment construing six commercial general liability insurance policies issued to MI Windows, covering a period between 1997 and 2003. Liberty Mutual also alleged that MI Windows had breached these contracts by failing to pay amounts due under the policies

and sought $851,443.53 in damages. MI Windows filed a counterclaim seeking a declaratory judgment as to various provisions of the insurance policies. MI Windows also filed counterclaims for breach of contract and bad faith, alleging that Liberty Mutual had breached its contractual duty to defend and had failed to provide a defense in good faith.

The dispute centers around five lawsuits filed against MI Windows in South Carolina state court alleging that windows manufactured by MI Windows were defective. In each suit, a homeowners' association and individual homeowners alleged that windows manufactured by MI Windows had leaked and allowed water to penetrate over time. Because some of the alleged water damage occurred during the periods covered by the policies at issue in this case, MI Windows tendered the cases to Liberty Mutual for defense. Liberty Mutual defended each case under a reservation of rights and eventually settled each case over MI Windows' objection. Each policy contained a $500,000 deductible, requiring MI Windows to reimburse Liberty Mutual for the first $500,000 per occurrence spent on defense and indemnity costs. However, MI Windows refused to reimburse Liberty Mutual for these five settlements and for various associated defense and claim handling fees.

The jury trial of Liberty Mutual's breach of contract claim and MI Windows' counterclaims for breach of contract and bad faith began on January 26, 2012. On February 3, 2012, the jury returned a verdict. The jury found MI Windows liable for breach of contract and awarded $894,416.01 to Liberty Mutual. The jury also found Liberty Mutual liable for breach of contract and awarded $18,290.00 to MI Windows. Finally, the jury found Liberty Mutual liable for bad faith and awarded $684,416.01 to MI Windows. The jury awarded punitive damages to MI Windows in the amount of $12,500,000.00.

On February 22, 2012, Liberty Mutual filed a motion for an award of prejudgment interest and a motion for an award of taxable costs. ECF No. 282 & 283. On March 2, 2012, Liberty Mutual filed motions for judgment as a matter of law, for a new trial conditioned on remittitur, and to reduce the punitive damages award. ECF No. 291, 292 & 293. On March 7, 2012, MI Windows moved for judgment as a matter of law or, in the alternative, amendment of the judgment to correct manifest error. ECF No. 297. On March 20, 2012, MI Windows also moved for an award of costs, including taxable costs, and attorney fees. ECF No. 304 & 305.

On August 10, 2012, the court issued an order addressing the parties' post-trial motions. ECF No. 339. The court granted Liberty Mutual's motion for judgment as a matter of law as to MI Windows' bad faith claim and denied the motion as to MI Windows' breach of contract claim. The court denied Liberty Mutual's motion for a new trial on MI Windows' claim for bad faith. The court denied as moot Liberty Mutual's motion to alter or amend the judgment as to punitive damages. The court denied MI Windows' motion for attorney fees. The court partially granted MI Windows' motion for judgment as a matter of law or to amend the judgment, finding that the amount awarded to Liberty Mutual must be remitted by $210,000.00. The court ordered Liberty Mutual to notify the court within fourteen days as to whether it would accept a reduced verdict of $684,416.01 on its breach of contract claim or have a new trial on that claim. On August 20, 2012, Liberty Mutual accepted the revised judgment of $684,416.01 instead of a new trial. ECF No. 341.

The court did not rule on Liberty Mutual's motions for prejudgment interest and taxable costs or MI Windows' motion for an award of taxable costs, as it would have been premature to

do so before Liberty Mutual's response on remittitur. Before the court are Liberty Mutual's motions for prejudgment interest and taxable costs and MI Windows' motion for taxable costs.

For the reasons that follow, the court denies Liberty Mutual's motion for prejudgment interest and denies both Liberty Mutual's and MI Windows' motions for taxable costs.

## DISCUSSION

**I.** *Liberty Mutual's Motion for Prejudgment Interest*

Liberty Mutual seeks prejudgment interest at the rate of 8.75 percent from June 20, 2009, one day after it filed its amended complaint, until the date of the jury verdict on February 3, 2012. Pursuant to S.C. Code Ann. § 34–31–20(A), Liberty Mutual requests $205,404.78 in prejudgment interest.

State law governs an award of prejudgment interest in a diversity action. *See Hitachi Credit America Corp. v. Signet Bank*, 166 F.3d 614, 633 (4th Cir. 1999). Section 34–31–20(A) provides:

> In all cases of accounts stated and in all cases wherein any sum or sums of money shall be ascertained and, being due, shall draw interest according to law, the legal interest shall be at the rate of eight and three-fourths percent per annum.

In South Carolina, the law allows prejudgment interest on obligations to pay money from the time when, either by agreement of the parties or operation of law, payment is demandable, if the sum due is certain or capable of being reduced to a certainty. *Liberty Mut. Ins. Co. v. Emp. Res. Mgmt., Inc.*, 176 F. Supp. 2d 510, 540 (D.S.C. 2001) (citing *APAC Carolina, Inc. v. Town of Allendale*, 41 F.3d 157, 165 (4th Cir.1994)). The fact that the sum due is disputed does not render the claim unliquidated for the purposes of an award of prejudgment interest. *Id.* (citing

4

cases). The proper test for determining whether prejudgment interest may be awarded is whether the measure of recovery, not necessarily the amount of damages, is fixed by conditions existing at the time the claim arose. *Id.* (citing *Babb v. Rothrock*, 426 S.E.2d 789, 791 (S.C. 1993)). When an otherwise unliquidated claim is capable of being reduced to certainty by a simple mathematical calculation, it can be considered liquidated for the purpose of awarding prejudgment interest. *Id*. (citing *Builders Transp., Inc. v. South Carolina Prop. & Cas. Ins. Guar. Ass'n*, 415 S.E.2d 419 (S.C. Ct. App. 1992)). However, where a dispute over contract damages involves uncertainty surrounding the terms of the contract, the sum due is not ascertainable. *See Vaughn Dev., Inc. v. Westvaco Dev. Corp.*, 642 S.E.2d 757 (S.C. Ct. App. 2007) (holding that uncertainty regarding the extent and nature of the obligations required under a construction contract precluded the court from finding that the amount due was fixed at the time the claim arose).

In applying § 34-31-20(A), "[t]he decision whether to award prejudgment interest lies in the discretion of the court.*" Security Ins. Co. of Hartford v. Arcade Textiles, Inc*, 40 F. App'x. 767, 770 (4th Cir. 2002) (citing *Jacobs v. Am. Mut. Fire Ins. Co. of Charleston*, 340 S.E.2d 142, 143 (S.C. 1986)); *see APAC-Carolina, Inc. v. Towns of Allendale and Fairfax*, 868 F. Supp. 815 (D.S.C. 1993).

Prejudgment interest is not appropriate in this case. Liberty Mutual alleged that MI Windows breached six commercial general liability insurance policies by failing to pay amounts due under the policies. The court finds that the amount due to Liberty Mutual was not capable of being readily ascertained at the time the claim arose. Before the value of the amount due could be fixed, the court had to determine the rights of the parties under the policies. In construing

5

those policies, the court confronted complex issues under South Carolina insurance law. Although a dispute between parties as to whether a specified amount is due does not preclude an award of prejudgment interest, in this case the value of the amount due was not certain under the policies. That Liberty Mutual pleaded $851,443.53 in contract damages but maintained a judgment of $684,416.01 after this court's August 10, 2012 order supports the court's determination that Liberty Mutual's entitlement was not susceptible to a formulaic determination by the parties at the time the claim arose. The court finds that the sum due was not ascertainable when Liberty Mutual filed its amended complaint on June 19, 2009. Accordingly, the court denies Liberty Mutual's motion for prejudgment interest.

**II.** *Parties' Motions for Awards of Taxable Costs*

Liberty Mutual and MI Windows both move for an award of taxable costs pursuant to Rule 54(d)(1) of the FEDERAL RULES OF CIVIL PROCEDURE.

Rule 54(d)(1) provides that "costs--other than attorney's fees--should be allowed to the prevailing party." A "prevailing party" is "a party in whose favor a judgment is rendered [or] one who has been awarded some relief by the court . . . ." *Buckhannon Bd. & Care Home, Inc. v. W. Va. Dep't of Health & Human Res.*, 532 U.S. 598, 600–03 (2001) (quotation omitted). "[T]he rule gives a presumption in favor of an award of costs to the prevailing party." *Teague v. Bakker*, 35 F.3d 978, 996 (4th Cir. 1994); *see Delta Air Lines, Inc. v. August*, 450 U.S. 346, 352 (1981). However, a district "court has discretion to award or deny costs to the prevailing party." *Couram v. S.C. Dep't of Motor Vehicles*, 3:10–00001–MBS, 2011 WL 6115509, at *2 (D.S.C. Dec. 8, 2011) (unpublished); *see Crawford Fitting Co. v. J.T. Gibbons, Inc.*, 482 U.S. 437, 441 (1987).

A court "must justify its decision to deny costs by articulating some good reason for doing so." *Cherry v. Champion Int'l Corp.*, 186 F.3d 442, 446 (4th Cir. 1996) (quotation and citations omitted); *see Teague*, 35 F.3d at 996. The factors that a court should consider to determine whether such an element of injustice would arise from an award of costs are: "(1) misconduct by the prevailing party; (2) the unsuccessful party's inability to pay the costs; (3) the excessiveness of the costs in a particular case; (4) the limited value of the prevailing party's victory; or (5) the closeness and difficulty of the issues decided." *Ellis v. Grant Thornton LLP*, 434 F. App'x 232, 235 (4th Cir. 2011) (per curiam) (unpublished); *see Cherry*, 186 F.3d at 446.

The court finds that taxable costs should not be awarded to either party. The closeness and difficulty of the issues decided in this case warrants the court finding that neither party is entitled to taxable costs. A case's closeness "is judged not by whether one party clearly prevails over another, but by the refinement of perception required to recognize, sift through and organize relevant evidence, and by the difficultly of discerning the law of the case." *White & White, Inc. v. Am. Hosp. Supply Corp.*, 786 F.2d 728 (6th Cir. 1986). This litigation involves a dispute between an insurer and a policyholder that has raised several novel and difficult questions under South Carolina insurance law, one of which the court certified to the South Carolina Supreme Court. The court held an eight-day trial in February 2012 that resulted in substantial judgments being awarded to both sides, including a large punitive damages award to MI Windows. After trial, both parties filed post-trial motions that resulted in the court's August 10, 2012 ruling modifying the jury verdicts, including overturning the large punitive damages award. The lengthy pre- and post-trial procedural history of this case underscores this court's determination that the legal issues were close and difficult.

7

In light of the case's complexity, as well as the jury's finding that both parties breached their duties to one another, the court finds that it would be unfair to shift taxable costs on to either party. Accordingly, the court denies the parties' motions for taxable costs.

## **CONCLUSION**

For the reasons set forth herein, the court denies Liberty Mutual's and MI Windows' motions for taxable costs and Liberty Mutual's motion for prejudgment interest.

**IT IS ORDERED.**

s/ Margaret B. Seymour<br>
Margaret B. Seymour<br>
Chief United States District Judge

Columbia, South Carolina
September 28, 2012